IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHI HEALTH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-631-ECM-SMD |
| | ) |
| SUNSHINE MILLS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This cause is before the Court on Plaintiff PHI Health, LLC's ("Plaintiff") amended corporate disclosure statement. (Doc. 29).

Pursuant to the Federal Rules of Civil Procedure and this Court's General Order Miscellaneous Case No. 00-3047, the parties are required to identify all entities, including limited liability entity members, that could potentially pose a financial or professional conflict for a judge. The Plaintiff's amended corporate disclosure statement (Doc. 29) is deficient because it does not identify the members of the limited liability company. The Plaintiff states that AM Holdings, LLC, PHI Corporate, LLC, and PHI Group, Inc. are "owners of membership interests" (*Id.*). However, ownership and membership of a limited liability company "are not always interchangeable." *See Post v. Biomet, Inc.*, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (making this observation in analyzing whether a complaint sufficiently alleged the parties' citizenship for purposes of diversity jurisdiction). The Plaintiff "must be clear about what entities are actually members of others" because "[t]erms such as wholly-owned subsidiary leave room for doubt." *See*

*AmGuard Ins. Co. v. Middleton*, 2018 WL 3370568, at *1 (W.D. La. July 19, 2018). Membership is critical for determining potential financial or professional conflicts for a judge. Accordingly, the Plaintiff must file another conflict disclosure statement which identifies *the members* of the limited liability company, not those entities that "own membership interests."[1] Accordingly, it is

ORDERED that the Plaintiff shall file a conflict disclosure statement which complies with the Federal Rules of Civil Procedure and the Orders of this Court **on or before February 5, 2025.**

DONE this 22nd day of January, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

---

[1] If the entities listed in the amended conflict disclosure statement as "owners of membership interests" are in fact the members of the LLC, then the second amended conflict disclosure statement must state as much unambiguously.